# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY MARKEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-6601** |
| **WINN-DIXIE STORES, INC., ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Timothy Markey's motion[1] to remand the above-captioned matter to Louisiana state court. For the following reasons, the motion is denied.

## I.

In June 2018, Timothy Markey ("Markey") filed this lawsuit in the 24th Judicial District Court for the Parish of Jefferson against Winn-Dixie Stores, Inc., Winn-Dixie Montgomery, LLC, Southeastern Grocers, LLC (collectively, the "Winn-Dixie defendants"), and two unnamed defendants, "ABC Insurance Company" and "Aisle Manager."[2] On July 10, 2018, the Winn-Dixie defendants removed the case to this Court.[3] In their notice of removal, they asserted that the Court possessed jurisdiction over this case on the basis of diversity of citizenship pursuant to 28 U.S.C.

---

[1] R. Doc. No. 6.
[2] *See generally* R. Doc. No. 1-2. The petition alleges that ABC Insurance Company "maintained a policy of insurance covering Winn-Dixie Stores, Inc., Winn-Dixie Montgomery, LLC, and/or Southeastern Grocers, LLC, for the damages complained of herein" and that Aisle Manager "is a resident of the . . . State of Louisiana, and was employed by defendant and delegated the duty to keep the aisles safe and clean." *Id.* at 1–2.
[3] *See* R. Doc. No. 1.

§ 1332.[4] After the case was removed, Markey filed the present motion to remand this action to state court.

## II.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014) (cataloging United States Supreme Court and Fifth Circuit cases discussing the "long-established general rule[ ] holding that jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction"). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

## III.

The parties argue as to whether improper joinder defeats diversity jurisdiction and, thus, removal in this case. However, such an inquiry is unnecessary because

---

[4] *Id.* at 2.

2

improper joinder is predicated on the existence of an in-state defendant. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 573 (5th Cir. 2004) ("The doctrine of improper joinder rests on . . . statutory underpinnings [that] entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'"). It is uncontested that Markey is a resident of Louisiana and that the Winn-Dixie defendants are foreign corporations.[5] Therefore, at the time this case was removed, no in-state defendant existed, and there was complete diversity among the parties.

The removal statute explicitly states that, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . . , the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b).[6] Accordingly, the citizenships of "ABC Insurance Company" and "Aisle Manager" are not currently relevant. *See Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 848 n.38 (5th Cir. 2014) (noting that, if the plaintiff's complaint had asserted claims against John and Jane Doe, their citizenships would need to be

---

[5] R. Doc. No. 1-2, at 1.
[6] Markey asserts that "removal is premature" because he has not yet determined the identities and residencies of ABC Insurance Company or Aisle Manager. R. Doc. No. 6-1, at 2. The Fifth Circuit has held that the prohibition against the consideration of unidentified defendants for diversity purposes applies only to "John Doe defendants as such, *not* to subsequently named parties identifying one of those fictitious defendants." *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 476 (5th Cir. 2001) (emphasis added).

In their opposition, the Winn-Dixie defendants claim that they have provided Markey with information about the unnamed parties. R. Doc. No. 12, at 3. With respect to the identity of ABC Insurance Company, the Winn-Dixie defendants have indicated that they are "self-insured with respect to Plaintiff's claims." R. Doc. No. 12, at 9. To date, Markey has not sought to amend his complaint.

disregarded for purposes of determining the existence of diversity jurisdiction); *Kemp v. CTL Dist., Inc.*, 440 F. App'x 240, 248 (5th Cir. 2011) (holding that the citizenship of John Doe, an unnamed defendant in the plaintiff's original complaint, was not part of the diversity inquiry pursuant to Section 1441(b)'s directive); *see also Dupont v. Costco Wholesale Corp.*, No. 17-4469, 2017 WL 3309599, at *2 (E.D. La. Aug. 3, 2017) (Lemmon, J.) (holding that "Jane Doe's likely citizenship should be disregarded for removal purposes"). Because the named parties are completely diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

## IV.

Accordingly,

**IT IS ORDERED** that the motion to remand is **DENIED.**

New Orleans, Louisiana, August 29, 2018.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**LANCE M. AFRICK**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

4